USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
BETTA MOMENTS,
:
:
                                  Plaintiff,  :           1:24-cv-1865-GHW
:
                  -against-                 :           ORDER OF SERVICE
:
:
WARDEN (JOHN DOE),
:
:
                                Defendant.  :
:
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is currently incarcerated at the Rose M. Singer Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while she was incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island, Defendant violated her constitutional rights. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Dkt. No. 5.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits: to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.     Rule 21 of Federal Rules of Civil Procedure**

Plaintiff brings this action against the Warden of RNDC, but she lists the warden as "John Doe." Dkt. No. 1. According to the records of the New York City Department of Correction, the warden of RNDC is Ada Pressley.[2] Plaintiff alleges that the warden created "a policy or custom under which unconstitutional practices occurred and allowed continuance of such a policy or custom." *Id.* at 4.

In light of Plaintiff's *pro se* status and clear intention to assert claims against Warden Ada Pressley and the City of New York, the Court construes the complaint as asserting claims against Warden Ada Pressley and the City of New York, and directs the Clerk of Court to amend the caption of this action to replace Warden John Doe with Warden Ada Pressley, and to add the City of New York as a Defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Warden Ada Pressley and the City of New York may wish to assert.

---

[2] *See* https://www.nyc.gov/assets/jointheboldest/downloads/pdf/sharepoint/Ada_Pressley.pdf [https://perma.cc/HZP3-FJEB].

**B.     Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Warden Ada Pressley and the City of New York waive service of summons.

## CONCLUSION

The Court directs the Clerk of Court to amend the caption of this action to replace Warden John Doe with Warden Ada Pressley and to add the City of New York as a Defendant. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants Warden Ada Pressly and the City of New York waive service of summons.

The Clerk of Court is instructed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:  May 24, 2024
New York, New York

GREGORY H. WOODS
United States District Judge